S. P., Appellant,

v.

DALLAS COUNTY CHILD WELFARE UNIT OF the TEXAS DEPARTMENT OF HUMAN RESOURCES, Appellee.

No. 5267.

Court of Civil Appeals of Texas, Eastland.

Feb. 8, 1979.

Rehearing Denied March 1, 1979.

Kenneth D. Carden, Carden, McKnight & Hundley, Dallas, for appellant.

Maridell J. Templeton, Asst. Dist. Atty., Dallas, Harry J. Joe, Dallas, for appellee.

DICKENSON, Justice.

A petition for expunction of criminal records was filed by S.P. in Criminal District Court Number Three of Dallas County, asking the expunction of all records and files arising from or relating to his arrest on March 14, 1977, for child abuse. An answer to his petition was filed by Dallas County Child Welfare Unit of the Texas Department of Human Resources, asking the trial court to deny the request as to its records. Child Welfare's answer states that a petition for termination of parental rights of S.P. over his children is presently pending and that the police reports concerning the incident of March 14, 1977, are important and necessary to Child Welfare's proof in the termination case. A guardian ad litem was appointed for the children in the termination case, and the guardian ad litem also participated in the expunction case in the trial court and on appeal. A stipulation of evidence was signed in the expunction case by the attorney for S.P., by Child Welfare's attorney, and by the guardian ad litem. The stipulation is that: (1) S.P. was arrested on March 14, 1977, in Dallas County, Texas, for the offense of injury to a child; (2) S.P. was no billed on April 25, 1977, by the Dallas County Grand Jury for this offense and that no other charges are pending; and (3) S.P. has never been convicted of a felony in this or any other state or in any federal court.

Based upon the pleadings and the stipulation, the trial court entered its Order on May 24, 1978, which reads in part as follows:

It is therefore ORDERED and ADJUDGED that the Petitioner is a person who is entitled to expunction. All records and files relating to or arising out of the arrest of Petitioner on or about March 14, 1977, now presently retained

by the Dallas Police Department, Dallas County District Attorney's Office, Dallas County Sheriff's Office, Dallas County District Clerk's Office, Judge Joe B. Brown, Justice of the Peace, Precinct # 7, Place 2, Judge Cleo Steele, Justice of the Peace, Precinct # 8, Place 2, the Texas Department of Public Safety and the Federal Bureau of Investigation are ordered expunged.

The Dallas Police Department, Dallas County District Attorney's Office, Dallas County Sheriff's Office, Dallas County District Clerk's Office, Judge Joe B. Brown, Justice of the Peace, Precinct 7, Place 2, Judge Cleo Steele, Justice of the Peace, Precinct 8, Place 2, and the Texas Department of Public Safety are hereby ordered:

(1) To return all records and files that are subject to this expunction order to this Court or, if removal is impracticable, obliterate all portions of the record or file that identify the Petitioner and notify the Court of its action; and

(2) Delete from its public records all index references to the records and files that are subject to the expunction order; and

(3) To request any central federal depository to which information was sent concerning this arrest to return all records and files subject to this order of expunction.

The Court further finds that Art. 55.02 of the Code of Criminal Procedure does not provide for expunction of records of any state agency other than those state agencies named in section 1(b) of Art. 55.02 which speaks only to those state agencies directly involved in criminal matters; accordingly, records or files relating to this arrest may be retained by the State Department of Human Resources, Dallas County Child Welfare, and their attorneys.

S.P. has appealed. We will modify the Order and affirm.

The threshold question for us to decide is whether a court of civil appeals has jurisdiction to entertain an appeal from a criminal

district court order with respect to the statutory construction of Articles 55.01–55.05 of the Texas Code of Criminal Procedure. We note that two recent En Banc decisions by the Court of Criminal Appeals of Texas have held that attempted appeals from orders entered pursuant to Articles 55.01–55.-05, supra, were not criminal cases. *Ex parte Paprskar*, 573 S.W.2d 525 (Tex.Cr. App.1978); *State v. Henson*, 573 S.W.2d 548 (Tex.Cr.App.1978). In reaching this holding, *Paprskar* states:

It would not be appropriate to reclassify this proceeding as a criminal case simply because this might be an appropriate forum to handle the matter complained of.

On the issue of whether or not this case is a criminal case it should be noted that the petitioner has not been placed in jeopardy in a matter from which he can appeal. There are no criminal penalties attached to the order of the court or involved in this expunction act, except for violation of any court order entered. The action in question is not brought by or in the name of the State and the persons against whom the action was brought are not charged with having committed a crime or violated any penal statute. Cf. *Hogan v. Turland*, Tex., 428 S.W.2d 316.

Article V, Section 6, Constitution of the State of Texas, provides in part that:

Said Courts of Civil Appeals shall have appellate jurisdiction co-extensive with the limits of their respective districts, *which shall extend to all civil cases* of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. . . (emphasis added)

The Supreme Court of Texas concluded that a mandamus proceeding involving the Code of Criminal Procedure was a civil action and that the court of civil appeals had jurisdiction under Article V, Section 6, supra, in the case of *Hogan v. Turland*, 428 S.W.2d 316 (Tex.1968), stating:

The civil nature of the action is demonstrated by the fact that it is not brought by nor in the name of the state, and the

officer against whom the writ is requested is not alleged to have committed a crime nor violated any penal statute. The complaint is that the officer simply refuses to perform his legal duty. . . . Further, the court of criminal appeals has indicated that it will not take jurisdiction

. . . .

█ Since *Paprskar* and *Henson*, supra, have held that expunction proceedings, under Articles 55.01–55.05 of the Texas Code of Criminal Procedure are not criminal cases, we will entertain this appeal under Article V, Section 6, Constitution of the State of Texas, and Article 2249, Tex.Rev. Civ.Stat.Ann. (1971).

█ Appellant's single point of error is that the district court erred in failing to grant expunction of the records of appellant's arrest possessed by Dallas County Child Welfare Unit and also by the State Department of Human Resources. We agree.

Article 55.01, Code of Criminal Procedure (1979), provides that:

A person who has been arrested is entitled to have *all records and files relating to the arrest* expunged if:

(1) an indictment or information has not been presented against him for an offense arising out of the transaction for which he was arrested;

(2) he has been released and the charge, if any, has been dismissed; and

(3) he has not been convicted of a felony in the five years preceding the date of the arrest. (emphasis added)

Article 55.02, Code of Criminal Procedure (1979) provides the procedure for expunction.

Article 55.03, Code of Criminal Procedure (1979) provides that:

After entry of an expunction order:

(1) the release, dissemination, or use of the expunged records and files for any purpose is prohibited;

(2) except as provided in Subdivision 3 of this article, the petitioner may deny the occurrence of the arrest and the existence of the expunction order; and

(3) the petitioner or any other person, when questioned under oath in a criminal proceeding about an arrest for which the records have been expunged, may state only that the matter in question has been expunged.

Article 55.04, Code of Criminal Procedure (1979) imposes sanctions for violations of an expunction order. Article 55.05, Code of Criminal Procedure (1979) provides for notice to an arrested person as to his right to expunction.

Child Welfare and the guardian ad litem argue that the expunction procedures are not applicable to the Child Welfare Unit and the State Department of Human Resources. We are unable to agree. Article 55.01, supra, clearly provides that *all* records and files relating to the arrest are to be expunged when the petitioner, as here, establishes his eligibility for expunction.

It should be noted that nonaccusatory reports under Section 34.02, Texas Family Code (Supp.1978), are not subject to expunction under Articles 55.01–55.05, supra. It should also be noted that investigations and written reports authorized by Section 34.05, Texas Family Code (Supp.1978), are not subject to expunction, except for any references in such reports which are based upon police records and files relating to the arrest. Those references must be expunged.

The order of the trial court (quoted hereinabove) is hereby modified by changing the last paragraph so that it will read as follows:

The Court further finds that Article 55.01 of the Code of Criminal Procedure provides for expunction of all records of this arrest; however, the records of the investigation of this incident by Dallas County Child Welfare Unit of the Texas Department of Human Resources pursuant to Section 34.05 of the Texas Family Code (except for any references in those records which are based upon the police records and files relating to the arrest) are not subject to expunction.

As modified, the order of the trial court is affirmed.