**TEXAS EDUCATION AGENCY,**
**Appellant,**

v.

**T.F.G., Appellee.**

**No. 09–08–00514–CV.**

Court of Appeals of Texas,
Beaumont.

Submitted June 11, 2009.

Decided Aug. 27, 2009.

Greg Abbott, Atty. General, Bill Davis, Solicitor General, Ellen M. Sameth, Asst. Atty. General, Austin, for appellant.

Langston Scott Adams, Port Arthur, for appellee.

Before GAULTNEY, KREGER, and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

After an acquittal on the charge of indecency with a child, T.F.G., appellee, was granted an expunction by the trial court. In two issues, appellant, Texas Education Agency, ("TEA") appeals the trial court's expunction order. We reverse the trial court's order and remand the case for further proceedings.

## BACKGROUND

T.F.G. was found not guilty of the charge of indecency with a child in a bench trial and subsequently filed a request for expunction. TEA was listed in the request for expunction as an agency believed to have records or files pertaining to T.F.G. in connection with the alleged offense and subject to expunction. *See* TEX.CODE CRIM. PROC. ANN. art. 55.02, § 2(a)(8)(A) (Vernon Supp. 2008). TEA, however, was not given notice of the expunction hearing as required by the Texas Code of Criminal Procedure. *See id.* § 2(c). The expunction hearing was held on August 28, 2008. The trial court granted T.F.G.'s request for expunction and entered an expunction order, which stated, in pertinent part, that the listed agencies, including TEA, "shall return to this Court all files and records they have pertaining to [T.F.G.], arising out of the transaction of indecency with a child, an arrest on or about the 31st day of December, 2001, said arrest having been made by Beaumont Police Department." TEA received a copy of the expunction order on September 15, 2008, and filed a motion for new trial shortly thereafter. The trial court denied TEA's motion.

TEA moved for reconsideration of its motion for new trial and filed a memorandum of law in support of its motion for new trial. In its memorandum, TEA objected not only to lack of notice of the hearing, but also to the breadth of the trial court's expunction order. TEA contended that while T.F.G. was not convicted of the underlying offense, upon presentation of evidence in an administrative hearing with a different standard of proof than "beyond a reasonable doubt," the alleged conduct made the basis of his arrest may subject

his educator certification to sanctions pursuant to section 249.15 of the Texas Administrative Code. *See* 19 TEX. ADMIN. CODE § 249.15 (2009) (State Bd. for Educator Certification, Disciplinary Proceedings, Sanctions, and Contested Cases). TEA agreed that any reference to T.F.G.'s arrest should be expunged but argued that not all records in its possession regarding T.F.G.'s conduct should be subject to the expunction order. The trial court granted the motion for new trial and held another hearing on T.F.G.'s motion to expunge on October 27, 2008. TEA was represented by counsel through the Texas Attorney General's Office at the hearing.

At the hearing on T.F.G.'s motion to expunge, TEA recognized that T.F.G. was entitled to expunction, but took the position that it had in its possession records that were related to the alleged incident and T.F.G.'s underlying conduct that were not related to T.F.G.'s arrest and, therefore, were not subject to expunction. The trial court explained its view of the effect of the expunction statute, "[i]f [T.F.G.] has been acquitted, the law says that it's like it never happened. It does not exist. It's not out there." The Court further stated,

> Again, the order is any and every original that pertains to [T.F.G.] that can in any form or fashion be associated with the indecency with a child charge, whether it was two years ago, whether it was five years ago, whether it was yesterday, whether it's today. Every single one of those originals shall be forwarded to me.

After argument by both parties, the trial court entered an amended expunction order, which stated in pertinent part:

The Court further finds contrary to the belief of the Texas Attorney General's counsel and TEA that to follow the law would in effect "wipe Petitioner's record clean." This is the very premise[ ] and purpose of Art. 55.01 and 55.02 upon acquittal and it is the intent of this order to "wipe the record clean" without further delay and harm to the Petitioner.

THE COURT hereby ORDERS the Attorney General's office, representing TEA, to provide any and all original records, pertaining to [T.F.G.], to the Court for destruction or review *in camera* those documents to which Attorney General's office deems the retention is necessary and not discretionary per the statute. These records must be in the Court's possession on or before 10:30 am on Monday, November 3, 2008.

Therefore, the Court grants the expunction in accordance with Article 55.01 and 55.02 of the Code of Criminal Procedure of the State of Texas. The Court hereby grants the expunction of records pertaining to [T.F.G.] in the information stated below.

Pursuant to the court's order TEA submitted to the Court "all documents in TEA's possession relating to the arrest of [T.F.G.] on the charge of Indecency with a Child" as well as documents TEA wished to retain "because they contain[ed] other information that would be essential to TEA's ability to insure that a teaching certificate is not issued to [T.F.G.], if, in fact, it is established that he is unworthy to instruct pursuant to the Educators' Code of Ethics . . . ." [1]

---

**1.** On November 5, 2008, the court conducted a hearing regarding issuance of a show-cause notice to TEA. According to the court, after reviewing the documents produced by TEA in response to the court's expunction order the court was of the impression that TEA had not fully complied with the court's order. Following a phone call from the trial court, prior to the show cause hearing, TEA submitted additional documents to the trial court.

On November 24, 2008, TEA filed a notice of appeal, appealing the trial court's amended order of expunction. In two issues, TEA argues that (1) the trial court's order requiring TEA to relinquish all of its records pertaining to T.F.G. is overly broad, and (2) the trial court's order is void because it failed to comply with all statutory requirements.

## ISSUE ONE

■ Appellee argues that an abuse of discretion standard should apply. A trial court's ruling on a petition for expunction is reviewed under an abuse of discretion standard. *State v. Echeverry,* 267 S.W.3d 423, 424 (Tex.App.-Corpus Christi 2008, pet. denied). However, here TEA does not contest T.F.G.'s right to an expunction. What is at issue in this appeal is the interpretation and construction of the expunction statute, specifically the scope of the statute. We review issues of statutory construction de novo. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.,* 84 S.W.3d 212, 222 (Tex.2002).

Article 55.01(a) of the Texas Code of Criminal Procedure provides in part that a person who has been arrested for the commission of a felony or misdemeanor and who has been tried and acquitted is entitled to have "all records and files relating to the arrest expunged," except as further provided by article 55.01. TEX.CODE CRIM. PROC. ANN. art. 55.01(a) (Vernon 2006). On appeal, TEA asserts that its concern regarding the trial court's "broad construction of 'all records and files relating to the arrest' in article 55.01(a) springs from its statutory mandate to provide administrative functions and services to the State Board for Educator Certification." *See* TEX. EDUC.CODE ANN. § 21.035 (Vernon Supp. 2008); 19 TEX. ADMIN. CODE § 249.3(44), .14(m)(1). TEA explains that it fulfills that mandate by administratively

reviewing and denying applications for educator certification and commencing contested cases against teaching certificate holders where appropriate. *See* 19 TEX. ADMIN. CODE § 249.12(a)-(b), .15(a)-(c). Either of those actions may be based on "satisfactory evidence" that an applicant lacks good moral character or is unworthy to instruct or supervise Texas youth. *Id.* § 249.12(b)(2), (4), .15(b)(7); *see also id.* § 249.12(b) (listing additional grounds for administratively denying an application for certification); .15(b) (listing additional grounds for disciplining certificate holders).

TEA argues that the legislature's intent in enacting chapter 55 was to "expunge only the fact of a wrongful *arrest* " and that "[t]he object of chapter 55 was certainly not to wipe agencies' files clean of any information about a person whose *arrest records* alone are expunged." T.F.G. argues that the purpose of chapter 55 is to "provide those who have been acquitted with a 'fresh start' from allegations of wrongdoing," and any documents "memorializing the events leading to the charge are included within the ambit of documents 'related to the arrest.' " We have found no Texas cases directly addressing what constitutes records and files "relating to the arrest expunged." *See* TEX.CODE CRIM. PROC. ANN. art. 55.01(a). However, several courts of appeals have recognized that an agency may possess and retain documents related to the acquitted defendant, which are not subject to expunction. *See Carson v. State,* 65 S.W.3d 774, 785 (Tex.App.-Fort Worth 2001, no pet.); *S.P. v. Dallas County Child Welfare Unit of the Tex. Dep't of Human Res.,* 577 S.W.2d 385, 388 (Tex. App.-Eastland 1979, writ ref'd n.r.e.); *see generally City of Fort Worth v. D.T.,* 165 S.W.3d 425, 429 n. 5 (Tex.App.-Fort Worth 2005, no pet.).

In *Carson,* Carson had been employed by the City of Burleson as a police officer. *Carson,* 65 S.W.3d at 777. Following acquittal for a class C misdemeanor offense, Carson filed a petition for expunction. *Id.* The trial court denied Carson's petition and Carson appealed. *Id.* In response to Carson's appeal, the City of Burleson argued, in part, that any files it retained regarding Carson's arrest were held in its capacity as Carson's former employer and not in its capacity as a state agency. *Id.* at 784. Burleson argued, therefore, its records should not be made part of any expunction order the court may enter. *Id.* The Court declined to "globally exempt" all Burleson's records and files from the trial court's expunction order based on its capacity argument.[2] *Id.* However, the court noted, "our capacity ruling does not preclude Burleson from offering evidence on remand that at least some of the records and files it possesses are not subject to expunction." *Id.* at 785. The court explained,

> The obvious objective of the expunction statute is to remove from public access and from access by the officials and agencies named in the order all evidence of a petitioner's arrest and the charges made against him. *This evidence consists generally of the indictment and the photographs, fingerprints, and other matters comprising the arrest record and records relating to the expunction proceeding.* To the extent Burleson possesses records other than these types of records, they are not subject to expunction. Our refusal to exempt Burleson in toto from the expunction proceedings on capacity grounds does not deprive Burleson of its ability, like any other agency or entity listed in Carson's petition, to contest expunction of

records and files that are unrelated to the arrest.

*Id.* (citations omitted) (emphasis added).

Similarly, in *S.P. v. Dallas County Child Welfare Unit,* Child Welfare and the guardian ad litem argued that the expunction procedures in chapter 55 were not applicable to the Child Welfare Unit and the Department of Human Resources. *S.P.,* 577 S.W.2d at 388. The court disagreed, concluding that chapter 55 clearly provides for the expunction of all records and files relating to the arrest upon a showing by petitioner that he is eligible for expunction. *Id.* However, the court noted that certain reports made to and by the Department of Human Resources were not subject to expunction. *Id.* The court stated,

> It should be noted that nonaccusatory reports under Section 34.02, Texas Family Code (Supp.1978), are not subject to expunction under Articles 55.01–55.05, supra. It should also be noted that investigations and written reports authorized by Section 34.05, Texas Family Code (Supp.1978), are not subject to expunction, except for any references in such reports which are based upon police records and files relating to the arrest. Those references must be expunged.

*Id.* The court affirmed and modified the trial court's order to reflect the court's finding that

> [a]rticle 55.01 ... provides for expunction of all records of [the] arrest; however, the records of the investigation of this incident by Dallas County Child Welfare Unit of the Texas Department of Human Resources pursuant to Section 34.05 of the Texas Family Code

**2.** The court of appeals found that Burleson did not file a verified pleading in compliance with rule 93 of the Texas Rules of Civil Procedure asserting its capacity defense, and therefore could not raise the argument for the first time on appeal. *Carson,* 65 S.W.3d at 784.

(except for any references in those records which are based upon the police records and files relating to the arrest) are not subject to expunction.

*Id.* The *S.P.* court recognized that documents resulting from child abuse reports and investigations, including agency reports regarding internal investigations arising out of child abuse reports, were not subject to expunction except to the extent that there were references in those documents "based upon police records and files relating to the arrest." *See id.; cf. Bustamante v. Bexar County Sheriff's Civil Ser. Comm'n,* 27 S.W.3d 50, 53–54 (Tex.App.-San Antonio 2000, pet. denied) (finding commission did not violate statutory expunction protection where officers who testified about the events relating to defendant's arrest did not rely on expunged records or files but instead testified based on personal observations of marijuana at the defendant's home and her conduct during their investigation).

■ According to TEA, TEA has its own staff of investigators who gather information about educator certificate holders and applicants through a variety of means. It is certainly possible that TEA may have documents or files which pertain to T.F.G., and the allegations made against him, separate and apart from the records and files relating to the criminal investigation, arrest, and prosecution of T.F.G. for the offense. This is particularly true in the present case where the alleged conduct occurred almost five years prior to T.F.G. being arrested for the offense. Based on our reading of the plain language of the statute, we believe the statute's intent is not to erase all evidence of the underlying conduct, but to expunge any evidence of the criminal investigation, subsequent arrest and prosecution for that conduct. *See generally* Tex.Code Crim. Proc. Ann. art. 55.01(a). This interpretation is in line with our fellow courts of appeals' application of

this statute, as set forth above. *See generally Carson,* 65 S.W.3d at 785; *S.P.,* 577 S.W.2d at 388. We conclude that only documents and records that pertain to the criminal investigation, arrest, and prosecution of T.F.G., can be said to "relate to the arrest." Any other documents resulting from TEA's internal investigation are not subject to expunction, except for references in any such documents that are based on the criminal investigation and subsequent arrest of T.F.G.

■ T.F.G. argues on appeal that the *in camera* review provision of the trial court's order undermines TEA's claim that the expunction order is overbroad. We find it appropriate for the trial court to perform an *in camera* review of the documents TEA claims are not subject to expunction. However, we find that it was improper for the court to issue its expunction order prior to making that determination. We remand this case so that the trial court may modify its amended expunction order to follow the language of the statute and conduct an *in camera* review in accordance with the parameters of this opinion. Tex.R. App. P. 43.3. We are confident that the trial court will follow the mandates of this opinion. We sustain issue one.

### ISSUE TWO

Issue two contends the expunction order is void because the trial court failed to include a copy of the judgment of acquittal and the tracking incident number assigned to T.F.G.'s arrest. If sustained, this issue would not entitle TEA to greater relief than we have granted in disposing of the first issue. As it is not necessary to final disposition of appeal, we decline to address issue two. *See* Tex.R.App. P. 47.1.

### REVERSED AND REMANDED.