**REVERSE and RENDER and Opinion Filed June 30, 2021**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-19-01545-CV**

**IN THE MATTER OF DEMPSTER A. ROSS**

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-02315-2019**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Goldstein, and Justice Garcia
Opinion by Justice Garcia

Appellant Dempster Ross, pro se, appeals the denial of his petition to expunge arrest records related to an indictment the State dismissed. Appellant raises three issues that we collectively construe as complaining about the denial of his expunction petition. For the reasons that follow, we conclude the trial court abused its discretion by denying the petition, reverse the trial court's order, and render judgment granting appellant's petition for expunction.

## I. BACKGROUND

Appellant was arrested for burglary on February 17, 2013, and the case was indicted on April 2, 2013. On August 15, 2014, a jury convicted appellant of arson and he was sentenced to fifteen years in prison. During the punishment phase of the

arson trial, the State adduced evidence relating to the investigation of and appellant's arrest for burglary.

On April 30, 2019, appellant filed a verified petition for expunction of records relating to his burglary arrest and attached a copy of the State's motion to dismiss the burglary case and the order granting that motion. The motion to dismiss the case stated:

> The defendant was convicted [in the arson case] . . . Evidence in [the burglary case] was presented during sentencing and taken into consideration by the court prior to sentencing.
>
> Due to the costs of prosecuting the case, coupled with the fact that any sentence imposed in this case would not in all probability increase the time he is presently serving [,] prosecution . . . of this case cannot be justified.

The order granting the motion was signed on August 8, 2014.

The State filed an answer opposing the expunction and argued that appellant is not entitled to expunction because he was "effectively convicted" of the burglary offense. According to the State, appellant was convicted of burglary because evidence of that offense was adduced during the punishment phase of his arson trial. The State further argued that because the burglary evidence was used in the arson case, it is entitled to retain the records pursuant to article 55.02 §4(a-2). *See* TEX. CODE CRIM. PROC. ANN. art. 55.02 §4(a-2). Finally, the State argued that appellant is not entitled to relief "to the extent" he seeks to expunge information received by the police prior to his arrest.

–2–

The trial court conducted a hearing on appellant's petition. The State's evidence, admitted over appellant's objection, included a three-page offense report offered to show how and when the burglary case was developed and one volume of the reporter's record from the punishment phase of the arson trial. When the hearing concluded, the court denied appellant's petition. That denial is the subject of this appeal.

## II. DISCUSSION

We review a trial court's ruling on a petition for expunction for abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). However, to the extent a ruling on expunction turns on a question of law, we review any legal conclusions de novo. *See Ex parte R.P.G.P.,* No. 19-1051, — S.W.3d —, 2021 WL 1933952, at *3 (Tex. May 14, 2021); *see also Collin Cty. Dist. Attorney's Office v. Fourrier*, 453 S.W.3d 536, 539 (Tex. App.— Dallas 2014, no pet.).

Expunction is a statutorily created remedy that allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if the person meets the statutory requirements of article 55.01 of the code of criminal procedure. *Fourrier*, 453 S.W.3d at 539; *see* TEX. CODE CRIM. PROC. ANN. art. 55.01. The purpose of the expunction statute is to "protect wrongfully–accused people by eradicating their arrest records." *In re State Bar of Texas*, 440 S.W.3d 621, 622 (Tex. 2014). Because the cause of action is created by statute, all provisions are mandatory and require strict compliance for the action to

be sustained. *Fourrier*, 453 S.W.3d at 539; *see also T.S.N.*, 547 S.W.3d at 620 ("A person is not entitled to expunction until all of the statutory conditions are met."). The trial court has no equitable power to extend the statutory protections beyond the statute's stated provisions. *Fourrier*, 453 S.W.3d at 539. Although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature and the petitioner carries the burden of proving compliance with the statutory requirements. *Id*.; *see also Texas Dep't of Pub. Serv. v. Velazquez*, No. 05-16-01326-CV, 2017 WL 4003427, at *1 (Tex. App.—Dallas Sept. 12, 2017, no pet.) (mem. op.).

Appellant sought expunction of his burglary arrest records pursuant to article 55.01(a)(2)(B), which provides in relevant part:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court-ordered community supervision under Chapter 42A for the offense, unless the offense is a Class C misdemeanor, provided that:
>
> (B) prosecution of the person for the offense for which the person was arrested is no longer possible because the limitations period has expired.

TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B).

—4—

There is no dispute that the burglary case was dismissed and the limitations period has expired.[1] Nonetheless, the State argued that appellant is not entitled to expunction because he was "effectively convicted" for burglary. In support of this proposition, the State's answer opposing expunction cited *Texas Dept. of Pub. Safety v. Wallace*, 63 S.W.3d 805, 807 (Tex. App.—Austin 2001, no pet.), but failed to explain its purported application to this case. In *Wallace*, the court concluded that the petitioner was not entitled to expunction because he completed deferred adjudication community supervision and the statute expressly precludes expunction for such a case. *Id*. The community supervision provision of the statute is not at issue here.

Article 55.01 does not permit expunction of records resulting in a final conviction. *See S.J. v. State,* 438 S.W.3d 838, 841 (Tex. App.—Fort Worth 2014, no pet.); Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). Thus, the focus of our analysis is whether admission of the burglary evidence in the punishment phase of the arson case constitutes a final conviction for burglary under the expunction statute.

The evidence that was adduced consisted of testimony from the State's witnesses concerning the police investigation and the analysis of DNA evidence that did not exclude appellant as the perpetrator of the offense. The State provided no

---

[1] In addition, the record does not reflect how long appellant was incarcerated after his burglary arrest, but appellant's verified petition stated that he had been "released," and the State did not dispute it. Appellant was incarcerated for the arson conviction at the time of the expunction hearing.

authority, nor are we aware of any, holding that the use of such evidence in circumstances such as these equates to conviction for the unadjudicated offense.

Article 37.07, §3(a), governs the admissibility of evidence during the punishment stage of a non-capital criminal trial. *Erazo v. State*, 144 S.W.3d 487, 491 (Tex. Crim. App. 2004); TEX. CODE CRIM. PROC. ANN. art. 37.07, §3(a). The statute provides that "evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including . . . evidence of an extraneous crime or bad act." *Id*. Unlike the guilt-innocence phase, however, the question at punishment is not whether the defendant has committed a crime, but instead what sentence should be assessed. Whereas the guilt-innocence stage requires the jury to find the defendant guilty beyond a reasonable doubt of each element of the offense, the punishment phase requires the jury only to find that the prior bad act is attributable to the defendant beyond a reasonable doubt. *Smith v. State*, 577 S.W.3d 548, 551 (Tex. Crim App. 2019). These are not equivalent. Therefore, we reject the proposition that the mere introduction of the burglary evidence in the punishment phase of the arson case compels a conclusion that there was a final conviction for purposes of the expunction statute.

Likewise, the record does not demonstrate that the arson case was a plea in bar offense under section 12.45 of the penal code. *See* TEX. PENAL CODE ANN. § 12.45. Section 12.45 of the penal code provides that, during a sentencing hearing and with the State's consent, a defendant may admit his guilt of an unadjudicated

offense and request that the court take the offense into account in determining the sentencing for the offense for which he stands adjudged guilty. TEX. PENAL CODE ANN. §12.45(a). If the trial court takes an admitted offense into account under section 12.45, prosecution for that offense is barred. *Id*. §12.45(c).

Recognizing the discord between admitting guilt to an offense and asserting entitlement to an expunction for that offense, this court, like many of our sister courts, has interpreted the statutory requirement that "the charge has not resulted in a final conviction" as prohibiting expunction of a plea in bar offense. *See Fourrier*, 453 S.W.3d at 542 (unadjudicated theft offense resulted in final conviction for purposes of expunction statute because guilt for offense was admitted and considered in determining punishment for evading arrest offense); *see also State v. N.R.J.*, 453 S.W.3d 76, 82 (Tex. App.—Fort Worth 2014, pet. denied) (when pursuant to section 12.45 of penal code, defendant admits guilt of an offense by pleading guilty or nolo contendere to a second offense and requests that the trial court account for that admission in sentencing for the second offense, the admitted, unadjudicated offense is not expungable; "that is, the unadjudicated offense has resulted in a final conviction for purposes of the expunction statute because guilt for the offense was admitted and considered in determining punishment, albeit for another offense"); *Ringo v. State*, Nos. 09–14–00251–CV, 09–14–00252–CV, 2014 WL 5409060, at *2 (Tex. App.—Beaumont Oct. 23, 2014, no pet.) (mem. op.) (criminal actions against petitioner were barred from further prosecution under

section 12.45 of the penal code, and, for that reason, petitioner was not entitled to expunction of criminal actions dismissed under section 12.45). As one court has observed, this interpretation "is consistent with those cases holding that a defendant's admission of guilt to an unadjudicated offense becomes a part of the judgment and the defendant's criminal record." *In re O.R.T.,* 414 S.W.3d 330, 335 (Tex. App.—El Paso 2013, no pet.).

But nothing in the instant case establishes that this was a plea in bar offense or that appellant otherwise admitted that he was guilty of burglary. Indeed, we have before us only a solitary volume of the multi-volume reporter's record in the punishment phase of the arson trial. That volume includes testimony from the State's witnesses and appellant's testimony concerning counsel's advice about testifying at trial. There is no mention of appellant's plea in the arson case, nor is there an admission of guilt in the burglary case. Accordingly, there is nothing to establish a final burglary conviction for purposes of the expunction statute.

In the court below, the State also argued that it was entitled to retain appellant's burglary arrest records pursuant to article 55.02 § 4(a-2), which provides:

(a-2) In the case of a person who is the subject of an expunction order *on the basis of an acquittal*, the court may provide in the expunction order that the law enforcement agency and the prosecuting attorney retain records and files if:

(1) the records and files are necessary to conduct a subsequent investigation and prosecution of a person other than the person who is the subject of the expunction order; or

(2) the state establishes that the records and files are necessary for use in:

(A) another criminal case, including a prosecution, motion to adjudicate or revoke community supervision, parole revocation hearing, mandatory supervision revocation hearing, punishment hearing, or bond hearing; or

(B) a civil case, including a civil suit or suit for possession of or access to a child.

TEX. CODE CRIM. PROC. ANN. art. 55.02 § 4(a), (a-2) (Emphasis added). As reflected in the unambiguous language of the statute, the statutory exception applies to cases resulting in acquittal. *See id.* There was no acquittal here. Instead, the burglary case was dismissed because the State deemed it neither economical nor advantageous to pursue. The only other statutory exception allowing the State's retention of files that might otherwise be expunged pertains to cases in which a person is still subject to conviction because the statute of limitations has not run, and that exception is also not applicable here. *See id.* § 4(a).

Finally, the State's answer opposing expunction asserted that "to the extent [Ross] seeks expunction of information received by the police prior to his arrest he is not entitled to relief." In support, the State relied on *Ex parte S.C.*, 305 S.W.3d 258, 263 (Tex. App. —Houston [14th Dist.] 2009, no pet.), a case in which the court considered whether an expunction order was overly broad because it required expunction of more than the records and files related to the petitioner's arrest. *Id.* at 260. The court concluded that the order was overly broad because the statute does

not "encompass investigative files and records that existed prior to, and independent of, the arrest." *Id.* at 263.

But we need not consider the permissible breadth of a hypothetical order; the trial court denied the petition and did not issue an order. Moreover, we do not read appellant's petition to request expunction of files independent of the arrest or to otherwise include anything more than what the statute requires—expunction of the records and files relating to the burglary arrest. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)(B).

Because appellant proved that he is entitled to expunction of the records and files related to his arrest, the trial court abused its discretion by denying the petition. We sustain appellant's complaint about the denial of his expunction petition, reverse the trial court's order, and render judgment granting appellant's petition for expunction.[2]


/Dennise Garcia/
DENNISE GARCIA
JUSTICE


191545F.P05

---

[2] We need not consider any remaining issues. TEX. R. APP. P. 47.1.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE MATTER OF DEMPSTER
A. ROSS,

No. 05-19-01545-CV

On Appeal from the 416th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 416-02315-
2019.
Opinion delivered by Justice Garcia.
Chief Justice Burns and Justice
Goldstein participating.


In accordance with this Court's opinion of this date, the trial court's order is
**REVERSED** and judgment is **RENDERED** that:
Ross's petition for expunction is **GRANTED.**

It is **ORDERED** that each party bear its own costs of this appeal.


Judgment entered June 30, 2021.