# IN THE SUPREME COURT OF TEXAS

════════════

No. 13-0161

════════════

In re The State Bar of Texas

═══════════════════════════════════════════════════════

On Petition for Writ of Mandamus

═══════════════════════════════════════════════════════

**Argued February 6, 2014**

Justice Devine delivered the opinion of the Court, in which Chief Justice Hecht, Justice Green, Justice Johnson, Justice Guzman, Justice Lehrmann, and Justice Brown joined.

Justice Boyd filed a concurring opinion, in which Justice Willett joined.

A person wrongfully arrested for a crime "is entitled to have all records and files relating to the arrest" expunged, if certain conditions are met. Tex. Code Crim. Proc. art. 55.01(a). One such condition is an acquittal. *Id*. art. 55.01(a)(1)(A). The statute thus serves to protect wrongfully-accused people by eradicating their arrest records.

In this original mandamus proceeding, the Commission for Lawyer Discipline complains that a former prosecutor, facing allegations of prosecutorial misconduct, has used an expunction order to block the Commission's prosecution. A district court has refused the Commission access to expunged criminal records for use in the disciplinary proceeding against the former prosecutor and has ordered the Commission to turn over investigative records. The grievance panel in the collateral disciplinary proceeding has construed the district court's actions as a bar to the disciplinary

proceeding and granted the former prosecutor's summary judgment motion. Because we conclude that the expungement order does not bar the Commission from using records from the criminal trial in the grievance proceeding, we conditionally grant the writ.

I

This mandamus relates to a disciplinary proceeding against former prosecutor Jon L. Hall, who allegedly suppressed exculpatory evidence in an aggravated robbery prosecution. The Commission's involvement began in November 2011, when it received a news article about the aggravated robbery trial. The article reported that Joshua Bledsoe was acquitted because the prosecutor suppressed exculpatory evidence.

The Commission began by interviewing, among others familiar with the case, the judge who presided over the trial and the attorney who represented Bledsoe. Shortly thereafter, the Commission anonymously received a partial trial transcript that included discussions between the trial judge and counsel regarding the prosecution's suppression of evidence, including a 911 tape.

In that tape, the robbery victim made statements that she later contradicted during trial. At trial, the victim identified Bledsoe as one of the robbers based partially on his race, but in the 911 call, the same witness claimed that she could not provide any description of the robbers, including race, because they wore masks.

Following its investigation, the Commission commenced a disciplinary action against Hall, the lead prosecutor in the aggravated robbery case, and Vikram Vij, an assistant prosecutor. The Commission subsequently dismissed the action against Vij. Hall elected to have his disciplinary action proceed before a grievance panel rather than in district court.

2

In answer to the Commission's evidentiary petition, Hall complained that he did not have access to records necessary to his defense because all records from the aggravated robbery case had been expunged. After receiving Hall's answer, the Commission, with Bledsoe's consent, filed a motion in the trial court that had presided over the criminal prosecution and signed the expunction order. The motion sought access to the expunged records for use in the pending disciplinary action. Although Hall had complained about not having access to the criminal-case records, he nevertheless responded to the Commission's motion by urging the trial court to deny access to the expunged records.

The Commission's motion was assigned to a visiting judge, sitting by assignment for the trial court. Following a hearing, the visiting judge concluded that the underlying expunction order precluded the Commission from relying on any of the expunged records and ordered the Commission to turn over all information in its possession related to Bledsoe's arrest, including the partial trial transcript. The order also barred for any purpose "any document or other evidence derived from the underlying criminal case and subject to the District Court's expunction order or derived from the arrest of J.B. and subject to the District Court's expunction order."

Meanwhile, in response to Hall's requests, the grievance panel chair ordered restrictions on the Commission's discovery in the disciplinary action. The order recited that the Commission could not acquire or use any documents or other evidence related to the underlying criminal case and expungement order until the trial court amended the expungement, if it did. Hall subsequently moved to strike the evidentiary petition, to dismiss the disciplinary proceeding, and for summary judgment. The Commission sought a stay so that it could seek relief from the trial court's order.

3

The grievance panel denied the Commission's stay request and, based on the trial court's order, granted Hall's summary judgment motion.

The Commission has appealed the panel's summary judgment to the Board of Disciplinary Appeals and has sought review of the trial court's order in the court of appeals. The Commission advises that both reviews have been stayed, pending our review of the Commission's petition for writ of mandamus.

The Commission submits that mandamus relief in this Court is appropriate because the court of appeals cannot redress the ultimate consequence of the trial court's order—the dismissal of the Commission's disciplinary action. That dismissal can only be challenged in a separate appeal to the Board of Disciplinary Appeals. The Commission submits that the attendant risk of conflicting appellate decisions that can only be reconciled in this Court suggests the present mandamus as the appropriate remedy. *See, e.g., In re State Bar of Texas*, 113 S.W.3d 730, 732 (Tex. 2003) (concluding that mandamus was the appropriate remedy to correct district court's interference in the regulation of the legal practice). We turn then to that review.

II

Expunction is not a right; it is a statutory privilege. *T.C.R. v. Bell Cnty. Dist. Attorney's Office*, 305 S.W.3d 661, 663 (Tex. App.—Austin 2009, no pet.). The expunction statute is an exception to the established principle that court proceedings and records should be open to the public. *See, e.g., Express-News Corp. v. MacRae*, 787 S.W.2d 451, 452 (Tex. App.—San Antonio 1990, orig. proceeding) (recognizing constitutional right to public trials and presumptively open court records); TEX. CODE CRIM. PROC. art. 1.24 (requiring public trials). The statute is designed

4

to protect wrongfully-accused people from inquiries about their arrests. *See Ex parte S.C.*, 305 S.W.3d 258, 263-64 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (stating "statute was enacted to prevent the record of a wrongful arrest from negatively impacting a person for the remainder of his life").

The statute provides for a truncated expunction procedure that requires neither filing a petition nor a hearing. TEX. CODE CRIM. PROC. art. 55.02 §1. The truncated procedure commences with a defendant's request for expunction, such as a request made orally on the record by defense counsel. *Id.* The acquitted defendant must provide the trial court with certain information, including a list of all officials and agencies to be named in the expunction order and notified of the expunction proceedings. *Id*. art. 55.02 §§1, 2(b). Within thirty days of acquittal, the trial court is to enter the expunction order, which is prepared and filed by defense counsel or by the prosecutor, if the acquitted defendant is not represented by counsel. *Id*. art. 55.02 §1. The court clerk then sends a certified copy of the expunction order to the Department of Public Safety and to each of the officials and agencies named in the order. *Id*. art. 55.02 §3(c).

"On receipt of the order, each official or agency or other governmental entity named in the order" is required to return to the court all records and files that are subject to the order or, if their return is impracticable, to obliterate all information identifying the acquitted defendant. *Id.* art. 55.02 §5(a)(1). Any of the entities named in the order may appeal the order as in civil cases generally. *Id*. art. 55.02 §3(a). The clerk is directed to destroy the collected files and records in some cases, but the files and records are not destroyed in the case of an acquittal. *Id*. art. 55.02

§5(d). In acquittal cases, the clerk maintains the expunged records and files but generally only the acquitted defendant has access to them. *Id*. art. 55.02 §5(c).

Expunction, however, is not absolute. The statute provides for exceptions, permitting the retention of records and files, if they may be needed in future criminal or civil proceedings. *Id*. art. 55.02 §4. Article 55.02 provides two exceptions for acquittal cases which apply if "(1) the records and files are necessary [to investigate and prosecute] a person other than the person who is the subject of the expunction order; or (2) the state establishes that the records and files are necessary for use in (A) another criminal case . . .; or (B) a civil case, including a civil suit or suit for possession of or access to a child." *Id*. art. 55.02 §4(a-2)(1), (2).

III

Bledsoe was acquitted in the underlying criminal prosecution on June 17, 2011. Despite the statute's directive that the court enter the expunction order "not later than the 30th day after the acquittal," the expunction order was not signed until December 28, 2011. By that time, the Commission's preliminary investigation into prosecutorial misconduct was virtually complete. The Commission, of course, had no direct connection to the criminal prosecution and no apparent knowledge of the expunction proceedings. The expunction order did not name the Commission as a respondent in possession of records to be expunged. Nor did the order make an exception for the Commission to use expunged records in its prosecution.

The Commission filed its Original Evidentiary Petition in the disciplinary proceeding in July 2012. Hall answered in August, complaining that the expunction order handicapped his ability to defend himself. In response, the Commission moved to modify the expunction order in the criminal

6

trial court. The motion recited that the Commission had recently learned of the order's possible existence but that it had not been served with a certified copy of the order nor been given notice of an expunction hearing. *See* TEX. CODE OF CRIM. PROC. art. 55.02 §3(c). The Commission requested access to records and files in the underlying criminal case for the purpose of prosecuting disciplinary proceedings against third parties.

The trial court denied the request. It further ordered the Commission to turn over any material in its investigation file related to Bledsoe's arrest and broadly ordered the Commission not to use any evidence derived from the underlying criminal case in any manner. This order, signed by the visiting judge on December 11, 2012, is the subject of the Commission's request for mandamus relief.

The Commission argues that the court's order perverts the expunction statute's purpose. It submits that a statute designed to protect an acquitted defendant's reputation has been applied to impede the disciplinary prosecution of the person accused of violating the acquitted defendant's rights. The Commission further notes that the acquitted defendant fully supports the Commission's use of the expunged records in the disciplinary case against the former prosecutor. In fact, the acquitted defendant filed a brief supporting the Commission's mandamus petition in this Court, and his lawyer appeared at oral argument. The Commission concludes that the court's application of the expunction statute is a clear abuse of discretion because it ignores the acquitted defendant's wishes, contravenes the statute's primary purpose, and interferes with the Commission's ability to prosecute the disciplinary action before the grievance panel.

7

We agree that the court's December 11 order, denying the Commission's request to use expunged records in the disciplinary action, is an abuse of discretion. A person can, in effect, "unexpunge" his records by putting those records at issue in another proceeding. *See, e.g., W.V. v. State*, 669 S.W.2d 376, 378-79 (Tex. App.—Dallas 1984, writ ref'd n.r.e.) (holding that retention of files was not necessary to afford protection from potential civil action because expunged records would be held by district clerk and could be retrieved if needed for subsequent proceedings); *see also Thomas v. City of Selma*, 2006 WL 2854405 *3 (W.D. Tex. Oct. 4, 2006) (holding that district clerk must produce arrest records for use in suit based on arrest). Bledsoe has done precisely that, making his arrest and prosecution a matter of public record, by filing a federal lawsuit against Hall and other defendants based on his arrest and prosecution. The Commission advises that Hall filed the full transcript of Bledsoe's trial as a summary judgment exhibit in federal court and that it is publicly available on the Internet. *See Bledsoe v. Galveston Cnty. Dist. Attorney's Office*, No. 4:13-CV-00469, Document 52-2 (S.D. Tex. filed Feb. 21, 2013) (*available at* https://www.pacer.gov).

The Commission argues that if an acquitted defendant can make expunged records public by filing a lawsuit based on his wrongful prosecution, he should likewise be able to make the records public by participating in a grievance proceeding based on the wrongful prosecution. Thus, if Hall can use the expunged records to defend himself in federal court, he can also use them to defend himself in the disciplinary action. And, if Hall has the right to use the expunged records, they should also be available to the Commission. The acquitted defendant supports the Commission's use of the expunged records in the disciplinary case, and we conclude that he has the right to voluntarily waive his expunction rights for this purpose. *In re Expunction of Jones*, 311 S.W.3d 502, 505 (Tex.

App.–El Paso 2009, no pet.) (citing TEX. CODE CRIM. PROC. art. 1.14(a)). We conclude further that the court abused its discretion in disregarding the acquitted defendant's voluntary waiver, particularly in light of the Commission's expressed need for the records to prosecute the disciplinary proceeding.

The expunction statute's purpose is not to eradicate all evidence of wrongful conduct. *See Gomez v. Tex. Educ. Agency*, 354 S.W.3d 905, 917-18 (Tex. App.–San Antonio 2011, pet. denied) (holding that a police officer's eyewitness testimony in a contested case administrative hearing was not barred by an expunction order issued before the hearing, but after the administrative petition); *Ex parte S.C.*, 305 S.W.3d at 266 (holding an expunction order overbroad because it included state securities board's investigation records mentioning S.C.); *Bustamante v. Bexar Cnty. Sheriff's Civil Serv. Comm'n*, 27 S.W.3d 50, 53-54 (Tex. App.–Austin 2000, pet. denied) (concluding that civil service commission did not rely on expunged records or files but on officers' testimony about their personal observations). The statute thus cannot reasonably be construed to apply to all investigative files and records generated by a state agency, like the Commission in this case.

The grievance panel, however, interpreted the visiting judge's order as precluding the Commission from proceeding in the disciplinary action. The Commission argued against that construction and presented evidence independent of the expunged records, including the affidavit from the judge who presided over the criminal trial, but to no avail. The panel chair concluded that there was "no way we can get the evidence" and that "as [the trial court's] order stands, then we have to grant the no-evidence motion for summary judgment."

9

In barring the Commission's use of any document or other evidence derived from the underlying criminal case, the court construes the expunction statute at odds with the acquitted defendant's interests. A process intended to protect acquitted defendants has been used as a shield against charges of prosecutorial misconduct. Moreover, the court's order fails to consider that an expunction order may except records needed for future investigations and proceedings by a prosecutor or a law enforcement agency. TEX. CODE CRIM. PROC. art. 55.02 §4(a-2). The exception extends not only to criminal matters, but to civil cases as well. *Id*. art. 55.02 §4(a-2)(2)(B). And, as already mentioned, an acquitted defendant who obtains an expunction may subsequently waive the statute's protection. Given the waiver expressed by the acquitted defendant, the relevance of the expunged records to the disciplinary proceeding, and the Commission's expressed need for those records, the trial court abused its discretion by extending the expungement order to the Commission and thereby interfering in the disciplinary proceeding.

An order that directly interferes with the Commission's ability to collect and present evidence is as much a direct interference in the disciplinary process as an order directed to a grievance panel itself. *See State Bar of Tex. v. Jefferson*, 942 S.W.2d 575 (Tex. 1997) (orig. proceeding) (granting mandamus relief against district court that enjoined disciplinary proceedings before a grievance panel); *State v. Sewell*, 487 S.W.2d 716 (Tex. 1972) (orig. proceeding) (same). Because the court's order interferes with the disciplinary process, disrupting the regulatory scheme promulgated by this Court to govern cases of attorney discipline, we conditionally grant relief and direct the trial court to vacate its order of December 11, 2012. We are confident the district court will comply, and the writ will issue only if it does not.

10

_____
John P. Devine
Justice

Opinion Delivered:  August 22, 2014