ACCEPTED
12-14-00199-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
1/20/2015 4:11:13 PM
CATHY LUSK
CLERK

**NO. 12-14-00199-CV**

* * * * * * * * * * * * * *

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

1/20/2015 4:11:13 PM

CATHY S. LUSK
Clerk

IN THE COURT OF APPEALS

TWELFTH  APPELLATE DISTRICT OF TEXAS

AT TYLER, TEXAS

* * * * * * * * *

EX PARTE GREGORY P. HATZIS,

**FILED**

1/20/2015

**Twelfth Court of Appeals
Cathy Lusk
Clerk**

* * * * * * * * *

Appealed from the 7th District Court
Smith County, Texas
Trial Court No. 13-3026-A

_____

**BRIEF OF APPELLEE GREGORY P. HATZIS**
_____

EBB B. MOBLEY
Attorney at Law
State Bar # 14238000
422 North Center Street
P.O. Box 2309
Longview, TX   75606
Telephone: 903-757-3331
Facsimile: 903-753-8289
ebbmob@aol.com

RYAN HILL
Attorney at Law
State Bar # 00785961
211 North Center Street
P.O. Box 3369
Longview, Texas 75606
Telephone: 903-753-3369
Facsimile: 903-758-3239
Ryanray1@aol.com

ATTORNEYS FOR APPELLEE

ORAL ARGUMENT REQUESTED ONLY IF GRANTED TO THE APPELLANT

EX PARTE GREGORY P. HATZIS

_____

**IDENTITY OF PARTIES AND COUNSEL**
_____


| | |
|---|---|
| Trial Court: | Kerry L. Russell<br>7th Judicial District Court<br>100 North Broadway, Room 203<br>Tyler, Texas 75702 |
| Appellee/Petitioner: | Gregory P. Hatzis<br><br>Ryan R. Hill, Trial Counsel<br>State Bar No. 00785961<br>P.O. Box 3369<br>Longview, Texas 75606<br><br>Ebb B. Mobley, Additional Counsel<br>State Bar No. 14238000<br>422 North Center Street-Lower Level<br>P.O. Box 2309<br>Longview, Texas 75606 |
| Appellant/Respondent: | Texas Department of Public Safety<br><br>D. Kaylyn Betts, Appellate Counsel<br>State Bar No. 24064894<br>Jeanine C. Hudson, Trial Counsel<br>State Bar No. 24048960<br>Crime Records Service (MSC 0234)<br>P.O. Box 4143<br>Austin, Texas 78765-4143 |

# TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

REPLY TO ISSUE NUMBER ONE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Is Code of Criminal Procedure Art. 55.01 an "arrest-based" or an "offense-based" statute?

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-8

REPLY TO ISSUE NUMBER TWO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

The entire available record provides more than a scintilla of evidence to establish that Mr. Hatzis did not and will not face jeopardy from his arrest for D.W.I.

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12
.

<h1 style="text-align:center;">INDEX OF AUTHORITIES</h1>

**Cases**

*City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex. 2005) . . . . . . . . . . . . . . . . . .9-10

*Department of Transportation v. City of Sunset Valley,* 146 S.W.3d 637,
      642 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*E.I. du Pont de Nemours & Co. v. Robinson,* 923 S.W.2d 549, 558 (Tex. 1995) . . . .9

*Ex parte S.C.,* 305 S.W.3d 258, 260 (Tex.App. - Houston [14th Dist.]
      2009, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 683 (Tex. 2007) . . . . .7

*G.B.E. v. Texas Department of Public Safety,* No. 14-0324, Texas Supreme
      Court petition for review denied, November 21, 2014 of opinion in
      No. 13-13-00017-CV, *D.P.S. v. G.B.E.,* Austin Court of Appeals,
      opinion March 20, 2014 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*Harris County District Attorney v. Lacafta,* 965 S.W.2d 568, 569
      (Tex.App. - Houston [14th Dist.] 1997, no pet.) . . . . . . . . . . . . . . . . . . . . .8

*Heine v. Texas Department of Public Safety,* 92 S.W.3d 642, 646
      (Tex.App. - Austin 2002, pet. denied) . . . . . . . . . . . . . . . . . . . . . . . . . . .6,8,9

*In re O.R.T.,* 414 S.W.3d 330, 332 (Tex.App. - El Paso 2013, no pet.) . . . . . . . . . .7

*In re State Bar of Texas,* ___ S.W.3d __ (Tex. 2014) (No. 13-0161; op.
      August 22, 2014) 2014 Tex. LEXIS 688 . . . . . . . . . . . . . . . . . . . . . . . . . . .8

*State v. Shumate,* 199 S.W.3d 279, 284 (Tex. 2006) . . . . . . . . . . . . . . . . . . . . . . . .7

*Texas Department of Protective & Regulatory Service v. Mega Child Care, Inc.,*
      145 S.W.3d 170, 177 (Tex. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

*Texas Department of Public Safety v. Dicken,* 415 S.W.3d 476, 478
      (Tex.App. - San Antonio 2013, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . .6

*Texas Department of Public Safety v. J.H.J.,* 274 S.W.3d 803, 806
      (Tex.App. - Houston [14th Dist.] 2008, no pet.) . . . . . . . . . . . . . . . . . . . .7-8

*Texas Department of Public Safety v. Nail,* 305 S.W.3d 673, 674
      (Tex.App. - Austin 2010, no pet.) (op. on reh'g) . . . . . . . . . . . . . . . . . . . .7

*Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) . . . . . . . . . . . . . . . . . . . . . . . .9

**Statutes**

Code of Criminal Procedure Article 55.01 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6,7

Government Code Ann §312.002 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Government Code Ann §312.003 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

Government Code Ann §312.005 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

## STATEMENT OF THE CASE

The Texas Department of Public Safety brings a restricted appeal of an expunction order in favor of GREGORY P. HATZIS.


## STATEMENT OF FACTS

The Department has adequately summarized the procedural history of this case. The evidence presented at a bench trial on January 17, 2014, is brief and uncontroverted.

The judge took judicial notice of the court's file. RR 4, 8. Gregory Hatzis testified that he was originally arrested only for misdemeanor driving while intoxicated. RR 6. That case was ultimately decided without any probation or deferred adjudication. RR 7.

The State did not question Mr. Hatzis or offer any evidence of any kind. After argument of counsel, the judge took the matter of expunction under advisement. RR 18. An order of expunction was signed and filed on February 24, 2014. CR-115.

The Department contends that Mr. Hatzis was not entitled to have his record expunged because the face of the record establishes that his arrest for driving while intoxicated resulted in a conviction for reckless driving.

The Department also contends that there is insufficient evidence to support the order of expunction.

5

## REPLY TO ISSUE NUMBER ONE

Is Code of Criminal Procedure Art. 55.01 an "arrest-based" or "offense-based" statute?

## SUMMARY OF THE ARGUMENT

The trial court correctly applied an "offense-based" analysis of Article 55.01 under an amendment by the Legislature in 2011.

## ARGUMENT

### STATUTE AT ISSUE

The statute to be construed in this case is Code of Criminal Procedure Article 55.01, a copy of which is attached as an appendix to the State's brief.

The State contends the trial court misconstrued the expunction statutes to permit an "offense-based" analysis rather than an "arrest-based" analysis, thereby permitting the trial court to expunge a D.W.I. charge arising from his arrest. On the other hand, Mr. Hatzis asserts the trial court correctly applied an "offense-based" analysis under the expunction statutes due to an amendment by the Legislature in 2011.

### STANDARD OF REVIEW

An abuse of discretion standard is used in reviewing trial court rulings on petitions for expunction. See *Heine v. Texas Department of Public Safety,* 92 S.W.3d 642, 646 (Tex.App. - Austin 2002, pet. denied). To the extent a ruling on expunction turns on a question of law, however, the ruling is *de novo,* because a trial court has no discretion in determining what the law is or applying the law to the facts. *Texas Department of Public Safety v. Dicken,* 415 S.W.3d 476, 478 (Tex.App. - San Antonio 2013, no pet.). "A trial court abuses its discretion if it orders an expunction

6

of records despite a petitioner's failure to satisfy all of the statutory requirements." *In re O.R.T.,* 414 S.W.3d 330, 332 (Tex.App. - El Paso 2013, no pet.).

When construing statutes under a *de novo* standard of review, the primary objective is to ascertain and give effect to the Legislature's intent. Texas Government Code Ann §312.005 (West 2005). See *F.F.P. Operating Partners, L.P. v. Duenez,* 237 S.W.3d 680, 683 (Tex. 2007). To discern that intent, the actual words of the statute are examined. Texas Government Code Ann. §312.002, 312.003 (West 2013). See *State v. Shumate,* 199 S.W.3d 279, 284 (Tex. 2006). If a statute is unambiguous, this court must adopt the interpretation supported by its plain language, unless such an interpretation would lead to absurd results that the Legislature could not possibly have intended. *Texas Department of Protective & Regulatory Service v. Mega Child Care, Inc.,* 145 S.W.3d 170, 177 (Tex. 2004). This court should consider statutes as a whole rather than as isolated provisions. *Department of Transportation v. City of Sunset Valley,* 146 S.W.3d 637, 642 (Tex. 2004).

## EXPUNCTION

The remedy of expunction allows a person who has been arrested for the commission of an offense to have the records and files relating to the arrest expunged if he meets the statutory requirements of Article 55.01. See *Texas Department of Public Safety v. Nail,* 305 S.W.3d 673, 674 (Tex.App. - Austin 2010, no pet.) (op. on reh'g). A petitioner's right to expunction is neither a constitutional nor common-law right; rather, it is a statutory privilege. *Ex parte S.C.,* 305 S.W.3d 258, 260 (Tex.App. - Houston [14th Dist.] 2009, no pet.). All of the statutory provisions are mandatory and exclusive, and the petitioner is entitled to expunction only when all statutory conditions have been met. *Texas Department of Public Safety v. J.H.J.,* 274 S.W.3d

7

803, 806 (Tex.App. - Houston [14th Dist.] 2008, no pet.). The trial court has no equitable power to permit expunction where it is not allowed. *Id.* Further, although the expunction statute appears in the code of criminal procedure, an expunction proceeding is civil in nature. *Harris County District Attorney v. Lacafta,* 965 S.W.2d 568, 569 (Tex.App. - Houston [14th Dist.] 1997, no pet.), and the petitioner carries the burden of proving compliance with the statutory requirements. *Heine,* 92 S.W.3d at 646.

## ANALYSIS

Since the State filed its brief on August, 2014, numerous courts of appeal have considered this question and appear to have adopted an "arrest-based" analysis. See Brief Exhibit A. The Texas Supreme Court on November 21, 2014, in No. 14-0324, *G.B.E. v. Texas Department of Pubic Safety*, declined to clarify this question where the issue was squarely considered by the Austin Court of Appeals in No. 03-13-00017-CV, *Texas Department of Public Safety v. G.B.E.,* in its March 20, 2014, opinion.

None of the above cases shed light on whether the statutory term "arrest" refers to each individual charge for which a person is arrested, or the group of charges arising out of a single incident of arrest.

The purpose of the expunction statute "serves to protect wrongfully accused people by eradicating their arrest records. *In re State Bar of Texas,* ___ S.W.3d ___ (Tex 2014) (No.13-0161; op. August 22, 2014) 2014 Tex. LEXIS 688. Applying this rationale to Hatzis' case, he was wrongfully accused of D.W.I but thereafter rightfully accused of reckless driving. As a result, Mr. Hatzis should be able to expunge the D.W.I. arrest record, while government agencies including DPS may retain copies of his conviction for reckless driving.

8

## REPLY TO ISSUE NUMBER TWO

The entire available record provides more than a scintilla of evidence to establish that Mr. Hatzis did not and will not face "jeopardy" from his arrest for D.W.I.

## SUMMARY OF THE ARGUMENT

For purposes of a restricted appeal, the face of the record consists of all papers on file in the appeal. The Reporter's Record at bar includes testimony by Appellee Gregory Hatzis. The entire available record provides more than a scintilla of evidence to establish that Mr. Hatzis did not and will not face "jeopardy" from his arrest for D.W.I.

## ARGUMENT

A trial court's order granting or denying expunction is reviewed for "abuse of discretion." See *Heine v. Texas Department of Public Safety,* 92 S.W.3d 642, 646 (Tex.App. - Austin 2002, pet. denied). A trial court abuses its discretion if it acts "without reference to any guiding rules or principles." *E.I. du Pont de Nemours & Co. v Robinson,* 923 S.W.2d 549, 558 (Tex. 1995). However, if an expunction ruling turns on a question of law, a 'trial court has no 'discretion' in determining what the law is or applying the law to the facts." See *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992). Thus, a trial court abuses its discretion if it misinterprets or misapplies the law. *Id.*

When reviewing a challenge to the legal sufficiency of the evidence, the evidence is reviewed in the light most favorable to the judgment, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *City of Keller v. Wilson,* 168 S.W.3d 802, 807 (Tex.

9

2005). A legal sufficiency complaint is sustained if the record reveals (1) the complete absence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of the vital fact. See *id.* At 810.

## CONCLUSION AND PRAYER

For the reasons stated in this brief, Appellee prays that the trial court's judgment be affirmed.

Respectfully submitted,

/s/ RYAN HILL
RYAN HILL

EBB B. MOBLEY
Attorney at Law
State Bar # 14238000
422 North Center Street
P.O. Box 2309
Longview, TX   75606
Telephone: 903-757-3331
Facsimile: 903-753-8289
ebbmob@aol.com

RYAN HILL
Attorney at Law
State Bar # 00785961
211 North Center Street
P.O. Box 3369
Longview, Texas 75606
Telephone: 903-753-3369
Facsimile: 903-758-3239
Ryanray1@aol.com

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

I certify that this brief contains _____words according to the computer program used to prepare the document.

/s/ RYAN HILL
RYAN HILL

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was served on opposing counsel by email on the 20th day of January, 2015.

/s/ RYAN HILL
**RYAN HILL**

# APPENDIX

*Ex parte T.C.,* No. 12-13-00138-CV, Tyler Court of Appeals, opinion date August 20, 2014, no pet.

*D.P.S. v. Ibarra,* No. 13-13-00656-CV, Corpus Christi Court of Appeals, opinion September 2, 2014, rehearing en banc pending.

*D.P.S. v. K.J.H.,* No. 09-14-00042-CV, Beaumont Court of Appeals, opinion September 4, 2014, 2014 Tex.App. LEXIS 9945, no pet.

*Ex parte Broseh,* No. 11-13-00158-CV, Eastland Court of Appeals, opinion September 4, 2014, no pet.

*Ex parte Hiojosa,* No. 13-14-00084-CV, Corpus Christi Court of Appeals, opinion September 4, 2014, no pet.

*Ex parte Post,* No. 07-14-00138-CV, Amarillo Court of Appeals, opinion September 24, 2014, no pet.

*G.B.E. v. D.P.S.,* No. 14-0324, Texas Supreme Court petition for review denied, November 21, 2014 of opinion in No. 13-13-00017-CV, *D.P.S. v. G.B.E.,* Austin Court of Appeals, opinion March 20, 2014.

*D.P.S. v. J.W.D.,* No. 03-14-00101-CV, Austin Court of Appeals, opinion December 31, 2014.

*Ex parte S.D.,* No. 07-13-00168-CV, Amarillo Court of Appeals, opinion January 15, 2015.