

NUMBER 13-16-00534-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**Ex parte J.C.D.**

**On appeal from the 85th District Court of
Brazos County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Longoria and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant, the Texas Department of Public Safety ("the Department"), argues on appeal that the trial court erred by granting appellee J.C.D.'s petition for expunction. We reverse and render.

## I. BACKGROUND[1]

On November 14, 2006, J.C.D. was arrested for robbery and was later charged by indictment with both robbery and assault causing bodily injury. *See* TEX. PENAL CODE ANN. §§ 22.01, 29.02 (West, Westlaw through Chapter 49, 2017 R.S.). Pursuant to a plea agreement, the robbery charge was dismissed, and J.C.D. pleaded guilty to the assault charge and was sentenced to two years deferred adjudication community supervision.

On February 8, 2016, J.C.D. filed his first amended petition to expunge the records of his arrest for robbery. In response, the Department filed an answer denying that J.C.D. was entitled to an expunction of the arrest because he served a term of community supervision for the arrest. The trial court signed an order granting the expunction on March 11, 2016. The Department then filed this restricted appeal.

## II. STANDARD OF REVIEW

Although expunction proceedings are typically reviewed under an abuse of discretion standard, when the trial court's ruling turns on a question of law, it is reviewed de novo. *See Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.); *see also Ex parte T.C.*, No. 12-13-00138-CV, 2014 WL 4104806, at *3 (Tex. App.—Tyler Aug. 20, 2014, no pet.) (mem. op.). Under this standard, we conduct an independent analysis of the record, giving no deference to the trial court's conclusions. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). Statutory construction is also a question of law that requires de novo review. *McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through Chapter 49, 2017 R.S.).

### III. DISCUSSION

On appeal, the Department argues that the trial court improperly expunged J.C.D.'s record of arrest. Specifically, the Department argues that: (1) the trial court misinterpreted the expungement statute; (2) J.C.D. failed to present legally sufficient evidence that he was entitled to expunction; and (3) the trial court failed to hold a hearing. We agree with the Department.

#### A. Restricted Appeal

To prevail on a restricted appeal, a party must show: (1) it filed notice of appeal within six months after the judgment was signed; (2) it was a party to the underlying action; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

The Department filed its notice of restricted appeal on September 9, 2016, which was less than six months after the order was signed on March 11, 2016. Thus, the Department timely filed its notice of appeal. *See* TEX. R. APP. P. 26.1(c). The Department was a party to the case and filed an answer, but it did not participate in the hearing that resulted in the judgment complained of or file any post-judgment motions. *See Alexander*, 134 S.W.3d at 848. Therefore, the only remaining question is whether error is apparent on the face of the record. *See id.*

#### B. The Expunction Statute

It is constitutionally presumed that judicial records are open to the public. *See, e.g.*, *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978); *Dallas Morning News v.*

3

*Fifth Court of Appeals*, 842 S.W.2d 655, 663 (Tex. 1992). The expunction statute provides a narrow exception to this principle and is intended to eradicate records of wrongful arrests. *In re State Bar*, 440 S.W.3d 621, 624 (Tex. 2014) (orig. proceeding). Chapter 55 of the Texas Code of Criminal Procedure sets forth the requirements and procedures governing the expunction of criminal records. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 55.01–55.06 (West, Westlaw through Chapter 49, 2017 R.S.). Under Article 55.01:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was *no court-ordered community supervision* under Chapter 42A for the offense, unless the offense is a Class C misdemeanor . . . .

*Id.* at art. 55.01(a)(2) (emphasis added). "[F]or a petitioner to be entitled to expunction under article 55.01, *all charges* arising from the arrest must meet that article's requirements." *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.) (emphasis added). In other words, "individual charges within an arrest" are not subject to expunction; an arrest can only be expunged if every offense arising from that arrest meets the requirements of article 55.01. *Id.*; *see Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.); *Travis County Dist. Atty. v. M.M.*, 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.); *see also Ex parte M.R.L.,* No. 10–11–00275–CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.) (rejecting a party's argument that "the expunction statute should apply to each charge or offense for which a person is arrested separately").

4

It is undisputed that the robbery charge in the present case was dismissed and resulted in no final conviction. However, it is also undisputed that J.C.D. pled guilty to the offense of assault causing bodily injury, which arose out of the same arrest, and he was placed on two years deferred adjudication community supervision. J.C.D. seeks to expunge records of his robbery charge, but the unit of expunction is the entire arrest, not the individual robbery charge. *See S.J.*, 438 S.W.3d at 845; *Ex Parte Vega*, 510 S.W.3d at 551. Because J.C.D.'s arrest resulted in court-ordered community supervision, expunction is not available. *See id.* The trial court's error in expunging J.C.D.'s arrest record is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. We sustain the Department's first issue. Because we agree with the Department on its first issue, we need not reach its subsequent issues. *See* TEX. R. APP. P. 47.1.

## V. CONCLUSION

We reverse the trial court's order, and render judgment denying J.C.D.'s petition for expunction.[2]

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of August, 2017.

---

[2] We note that the Texas Supreme Court's holding in *Ex parte Elliot* provides that the relief afforded by our judgment applies equally to all law enforcement agencies named in the expunction order, whether or not they participated in this appeal. 815 S.W.2d 251, 251–52 (Tex. 1991) (per curiam).

5