

**NUMBER 13-17-00052-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## EX PARTE SHARYN SUE HYDE

**On appeal from the 425th District Court of
Williamson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Contreras, Longoria, and Hinojosa
Memorandum Opinion by Justice Longoria**

Appellant, the Texas Department of Public Safety ("the Department"), argues on appeal that the trial court erred by granting appellee Sharyn Sue Hyde's petition for expunction. We reverse and render.

### I. BACKGROUND[1]

---

[1] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2017 1st C.S.).

On May 27, 2006, Hyde was arrested for and subsequently charged by indictment with possession of a controlled substance. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West, Westlaw through 2017 1st C.S.). The possession of a controlled substance charge was dismissed and re-filed as an attempt to possess a controlled substance charge. *See id.*; *see* TEX. PENAL CODE ANN. § 15.01 (West, Westlaw through 2017 1st C.S.). Hyde pleaded guilty to the attempt to possess a controlled substance charge, and was sentenced to deferred adjudication community supervision for eighteen months.

On April 28, 2016, Hyde filed a petition to expunge the records of her May 27, 2006 arrest. In response, the Department filed an answer denying that Hyde was entitled to an expunction of her May 27, 2006 arrest because she served a term of community supervision for her arrest. The trial court signed an order granting the expunction on July 5, 2016. The Williamson County District Attorney's Office filed a motion for new trial, which was not granted. The Department then filed this restricted appeal.

## II. DISCUSSION

On appeal, the Department argues that the trial court erred by expunging Hyde's record of arrest. Specifically, the Department argues that: (1) the trial court misinterpreted the expunction statute; (2) Hyde failed to present legally sufficient evidence that she was entitled to expunction; (3) the trial court failed to hold a hearing. We agree with the Department.

### A. Restricted Appeal

To prevail on a restricted appeal, a party must show: (1) it filed notice of appeal within six months after the judgment was signed; (2) it was a party to the underlying action;

(3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX. R. APP. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

The Department filed its notice of restricted appeal on January 5, 2017, which was exactly six months after the order was signed on July 5, 2016. Thus, the Department timely filed its notice of appeal. *See* TEX. R. APP. P. 26.1(c). The Department was a party to the case and filed an answer, but it did not participate in any hearings or file any post-judgment motions. *See Alexander*, 134 S.W.3d at 848. Therefore, the only remaining question is whether error is apparent on the face of the record. *See id.*

## B. The Expunction Statute

It is constitutionally presumed that judicial records are open to the public. *See*, *e.g.*, *Dallas Morning News v. Fifth Court of Appeals*, 842 S.W.2d 655, 663 (Tex. 1992); *Nixon v. Warner Commc'n, Inc.*, 435 U.S. 589, 597 (1978). The expunction statute provides a narrow exception to this principle and is intended to eradicate records of wrongful arrests. *In re State Bar*, 440 S.W.3d 621, 624 (Tex. 2014). Chapter 55 of the Texas Code of Criminal Procedure sets forth the requirements and procedures governing the expunction of criminal records. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 55.01–55.06 (West, Westlaw through 2017 1st C.S.). Under Article 55.01:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was

3

*no court-ordered community supervision* under Chapter 42A for the offense, unless the offense is a Class C misdemeanor . . .

*Id.* art. 55.01(a)(2) (emphasis added). "[F]or a petitioner to be entitled to expunction under article 55.01, *all charges* arising from the arrest must meet that article's requirements." *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.) (emphasis added). In other words, "individual charges within an arrest" are not subject to expunction; an arrest can only be expunged if every offense arising from that arrest meets the requirements of 55.01. *Id.*; *see Ex Parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.); *Travis County Dist. Atty. v. M.M.*, 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.); *see also Ex parte M.R.L.,* No. 10-11-00275-CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.) (rejecting the party's argument that "the expunction statute should apply to each charge or offense for which a person is arrested separately").

It is undisputed that the possession of a controlled substance charge in the present case was dismissed and resulted in no final conviction. However, Hyde pled guilty to the offense of attempted possession of a controlled substance, which indisputably arose out of the same arrest, and she was placed on deferred adjudication community supervision for eighteen months. Hyde seeks to expunge records of her possession of a controlled substance charge, but the unit of expunction is the entire arrest, not the individual charges. *See S.J.*, 438 S.W.3d at 845; *Ex parte Vega*, 510 S.W.3d at 551. Because Hyde's arrest resulted in court-ordered community supervision, expunction is not available. *See* TEX. CODE CRIM. PROC. ANN. arts. 55.01(a)(2)*.* We sustain the Department's first issue. Because we agree with the Department on its first issue, we need not reach its subsequent issues. *See* TEX. R. APP. P. 47.1.

4

### III. Conclusion

We reverse the trial court's order, and render judgment denying Hyde's petition for

expunction.[2]

NORA LONGORIA
Justice


Delivered and filed the
21st day of June, 2018.

---

[2] We note that the Texas Supreme Court's holding in *Ex parte Elliot* provides that the relief afforded by our judgment applies equally to all law enforcement agencies named in the expunction order, whether or not they participated in this appeal. 815 S.W.2d 251, 251–52 (Tex. 1991) (per curiam) (holding that the reversal of an expunction order applies to all law enforcement agencies named in it even if those agencies did not appeal).