

NUMBER 13-18-00226-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

### IN RE DIANA POLANCO GARZA

---

**On appeal from the 197th District Court
of Cameron County, Texas.**

---

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellant, the Texas Department of Public Safety (the Department), argues on appeal that the trial court erred by granting appellee Diana Polanco Garza's petition for expunction. We affirm in part, and we reverse and render in part.

## I. BACKGROUND

On August 27, 1994, Garza was arrested and later charged by indictment with possession and delivery of a controlled substance (cocaine). *See* TEX. HEALTH & SAFETY CODE ANN. §§ 481.102(3)(d), 481.112, 481.115(b) (West, Westlaw through 2017 1st

C.S.). Pursuant to a plea agreement, the delivery charge was dismissed, and Garza pleaded guilty to the possession charge. The trial court sentenced Garza to seven years of deferred adjudication community supervision.

On September 18, 2017, Garza filed a petition to expunge all the records relating to her 1994 arrest; Garza also sought to expunge all records relating to an arrest in 1993, in which she was allegedly charged with theft. *See* TEX. PENAL CODE ANN. § 31.03 (West, Westlaw through 2017 1st C.S.). On October 31, 2017, the Department filed an answer denying that Garza was entitled to an expunction of the 1994 arrest records because she served a term of community supervision for that arrest. The Department did not address the 1993 arrest for theft. The trial court signed an order on November 8, 2017 granting the expunction of the records of both the 1993 and 1994 arrests. The Department filed a notice of restricted appeal on April 24, 2018.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

Although expunction proceedings are typically reviewed under an abuse of discretion standard, when the trial court's ruling turns on a question of law, it is reviewed de novo. *See Tex. Dep't of Pub. Safety v. Nail*, 305 S.W.3d 673, 678 (Tex. App.—Austin 2010, no pet.); *see also Ex parte T.C.*, No. 12-13-00138-CV, 2014 WL 4104806, at *3 (Tex. App.—Tyler Aug. 20, 2014, no pet.) (mem. op.). Under a de novo standard, we conduct an independent analysis of the record, giving no deference to the trial court's conclusions. *See Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998). Statutory construction is also a question of law that requires de novo review. *See McIntyre v. Ramirez*, 109 S.W.3d 741, 745 (Tex. 2003).

The expunction statute is intended to eradicate records of wrongful arrests by allowing a person to remove all information regarding his or her arrest. *See In re State Bar*, 440 S.W.3d 621, 624 (Tex. 2014) (orig. proceeding). Chapter 55 of the Texas Code of Criminal Procedure sets forth the requirements and procedures governing the expunction of criminal records. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 55.01–55.06 (West, Westlaw through 2017 1st C.S.). Under Article 55.01:

> (a) A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> . . .
>
> > (2) the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was *no court-ordered community supervision* under Chapter 42A for the offense, unless the offense is a Class C misdemeanor . . . .

*Id.* art. 55.01(a)(2) (emphasis added). "[F]or a petitioner to be entitled to expunction under article 55.01, *all charges* arising from the arrest must meet that article's requirements." *S.J. v. State*, 438 S.W.3d 838, 845 (Tex. App.—Fort Worth 2014, no pet.) (emphasis added). In other words, "individual charges within an arrest" are not subject to expunction; an arrest can only be expunged if every offense arising from that arrest meets the requirements of article 55.01. *Id.*; *see Ex parte Vega*, 510 S.W.3d 544, 548 (Tex. App.—Corpus Christi 2016, no pet.); *Travis Cty. Dist. Atty. v. M.M.*, 354 S.W.3d 920, 927 (Tex. App.—Austin 2011, no pet.); *see also Ex parte M.R.L.,* No. 10–11–00275–CV, 2012 WL 763139, at *3 (Tex. App.—Waco Mar. 7, 2012, pet. denied) (mem. op.) (rejecting a party's argument that "the expunction statute should apply to each charge or offense for which a person is arrested separately").

III. Discussion

On appeal, the Department argues that the trial court improperly expunged the records of Garza's 1994 arrest. Specifically, the Department argues that: (1) the trial court misinterpreted the expunction statute; and (2) Garza failed to present legally sufficient evidence that she was entitled to expunction.

## A. Restricted Appeal

To prevail on a restricted appeal, a party must show: (1) it filed notice of appeal within six months after the judgment was signed; (2) it was a party to the underlying action; (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004).

The Department filed its notice of restricted appeal on April 24, 2018, which was less than six months after the order was signed on November 8, 2017. Thus, the Department timely filed its notice of appeal. *See* Tex. R. App. P. 26.1(c). The Department was a party to the case and filed an answer, but it did not participate in the hearing that resulted in the judgment complained of or file any post-judgment motions. Therefore, the only remaining question is whether error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848.

## B. The Expunction Statute

In its original answer below, the Department failed to specifically address or challenge the expunction of the records of Garza's 1993 arrest. The Department specifically argued that Garza was "barred from expunging any records of [her] arrest on

4

August 27, 1994," but then the Department generally requested the petition for expunction be denied. Likewise, the Department does not specifically mention the 1993 arrest on appeal; rather, the Department's main contention on appeal is that "Garza was not entitled to an expunction of records of her August 27, 1994 arrest" although the Department's prayer for relief seems to request that we deny the entire petition for expunction. Therefore, we affirm the trial court's judgment concerning the expunction of records related to the 1993 arrest. *See* TEX. R. CIV. P. 166a(c); *Wells Fargo Bank, N.A. v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (observing that it is improper for courts of appeals to address issues not raised at trial or briefed on appeal); *Garcia v. Robinson*, 817 S.W.2d 59, 60 (Tex. 1991) (per curiam) (same).

Concerning the 1994 arrest, it is undisputed that the delivery charge was dismissed and resulted in no final conviction. However, it is also undisputed that Garza pled guilty to the offense of possession of a controlled substance, which arose out of the same 1994 arrest. Furthermore, the parties agree that Garza was placed on seven years of deferred adjudication community supervision as a result of her guilty plea. Garza seeks to expunge the records of her possession charge, but the unit of expunction is the entire arrest, not the individual possession charge. *See Ex parte Vega*, 510 S.W.3d at 551; *S.J.*, 438 S.W.3d at 845. Because Garza's 1994 arrest resulted in court-ordered community supervision, expunction is not available. *See* TEX. CODE CRIM. PROC. ANN. art. 55.01(a)(2)*.* The trial court's error in expunging Garza's arrest record is apparent on the face of the record. *See Alexander,* 134 S.W.3d at 848. We sustain the Department's first issue. Because we agree with the Department on its first issue, we need not reach its

5

subsequent issue regarding whether the expunction was supported by legally sufficient evidence. *See* TEX. R. APP. P. 47.1.

## IV. CONCLUSION

We affirm the trial court's order concerning the expunction of records of Garza's 1993 arrest. We reverse the trial court's order of expunction concerning Garza's 1994 arrest, and render judgment denying Garza's petition for expunction as it relates to the 1994 arrest.[1]

NORA L. LONGORIA
Justice

Delivered and filed the
16th day of May, 2019.

---

[1] We note that the Texas Supreme Court's holding in *Ex parte Elliot* provides that the relief afforded by our judgment applies equally to all law enforcement agencies named in the expunction order, whether or not they participated in this appeal. 815 S.W.2d 251, 251–52 (Tex. 1991) (per curiam).