**Opinion issued February 28, 2019**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00210-CV

————————————

**TEXAS EDUCATION AGENCY, Appellant**

**V.**

**H.C.V., Appellee**

---

**On Appeal from the 113th District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-30247**

---

## O P I N I O N

Appellee H.C.V. successfully petitioned the trial court for expunction of all records of her arrest and prosecution for the state-jail felony offense of online solicitation of a minor. In two issues, the Texas Education Agency (TEA) appeals the trial court's granting the expunction order and its scope. We hold that the trial

court properly granted the petition for expunction but erred in failing to modify the order's scope.

## Background

In April 2007, H.C.V., a teacher with a state-educator certification, pleaded guilty to online solicitation of a child. She was placed on community supervision, but after H.C.V. failed to register as a sex offender, her community supervision was revoked and she was sentenced to nine months in state jail. In November 2007, the TEA successfully moved to revoke H.C.V.'s Texas Educator Certification.

After the statute that H.C.V.'s prosecution was based on was declared unconstitutional,[1] H.C.V. successfully applied for habeas corpus relief as to her conviction. H.C.V. then petitioned for expunction of all records relating to her arrest. The TEA objected to expunction.

After a hearing and taking the matter under advisement, the trial court granted the petition for expunction in an order that provides in pertinent part:

> (1) The petition for expunction is GRANTED, and all records of the petitioner's arrest in the above-stated causes including all records of petitioner's prosecution for both such offenses are expunged; and all release, dissemination or use of records pertaining to such arrests and prosecutions is prohibited;

> (2) The respondents, and all private entities receiving notice of this order, shall return all records and files concerning the above-specified arrests to this Court, or if removal is impracticable, obliterate

---

[1] *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).

all portions of the records or files that identify the petitioner, including all computer entries, and notify the court of its action; . . .

The TEA filed a motion for new trial and, in the alternative, motion to modify the expunction order. The motion requested in part that the trial court address expunction of the administrative law judge's Proposal for Decision (the PFD) to the State Board of Educator Certification regarding its action to revoke H.C.V.'s Educator Certification. The TEA requested that the trial court either except the PFD from the expunction order or modify the order to allow the PFD to be redacted to remove any references to H.C.V.'s arrest and criminal case. The trial court denied the TEA's motion.

**Analysis**

In its first issue, the TEA contends that the trial court erred in granting the petition for expunction because H.C.V. was placed on community supervision, which negates her entitlement to expunction.[2] The TEA's second issue asserts that, even if H.C.V. were entitled to expunction, the trial court's order is overly broad because the PFD includes information that is not subject to being expunged.

---

[2]     *See* TEX. CODE CRIM. PROC. art. 55.01(a)(2) ("A person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if: . . . (2)  the person has been released and the charge, if any, has not resulted in a final conviction and is no longer pending *and there was no court-ordered community supervision* under Chapter 42A for the offense . . . .") (emphasis added).

3

## I.      Entitlement to Expunction

This Court, sitting en banc, recently addressed the identical issue presented in the TEA's first issue. In *Texas Education Agency v. S.E.H.*, No. 01-16-00420-CV, ___ S.W.3d ___, 2018 WL 6839727 (Tex. App.—Houston [1st Dist.] Dec. 28, 2018, pet. filed) (en banc), the TEA similarly contested the expunction petition of a former teacher who had likewise obtained habeas corpus relief after his guilty plea to online solicitation of a child and resulting community supervision. We held that

> S.E.H., a person who was arrested for commission of a felony, is entitled to have all records and files relating to the arrest expunged because he has been released, and the charge has not resulted in a final conviction and is no longer pending. The prosecution was void *ab initio*, and as a matter of law there was no court-ordered community supervision under Chapter 42A for the offense.

*Id.* at ___, 2018 WL 6839727, at *3.

For the same reasons set out in *S.E.H.*, we hold that H.C.V. is entitled to expunction and overrule the TEA's first issue.

## II.     Scope of expunction order

In its second issue, the TEA asserts that the expunction order is overbroad because it includes the PFD, which can be redacted to remove the references to H.C.V.'s arrest and prosecution, and that the trial court erred in not modifying its order to provide for redaction of the PFD.

The TEA asserts that it has a strong interest in retaining the redacted PFD because it provides administrative services to the Texas State Board for Educator

4

Certification by, among other things, denying applications for certification. *See* TEX. EDUC. CODE § 21.035(b); 19 TEX. ADMIN. CODE § 249.3(59). For example, based on "satisfactory evidence" (such as the TEA's own files) that a person has solicited sexual conduct with a student or minor, the TEA could deny a re-application for certification. *See* 19 TEX. ADMIN. CODE §§ 249.12(a)–(b), 249.15(a)–(c), 249.15(b)(9)(L); *see, e.g., Gomez v. Tex. Educ. Agency*, 354 S.W.3d 905, 917–18 (Tex. App.—Austin 2011, pet. denied) (affirming revocation of teacher certification based in part on arresting officer's eyewitness testimony of underlying conduct, despite arrest records having been expunged, and Board's own investigative records could have identified arresting officer).

At the hearing on the TEA's motion for new trial, the TEA raised the issue of expunging or redacting the PFD, explaining that it was raising the issue out of an abundance of caution and that it had run into this issue previously because of its duty to regulate educators. H.C.V. took the position that the trial court's order required the TEA and the State Board for Educator Certification to expunge the PFD in its entirety. In response, the trial court opined that the order does not require the TEA to "wipe out all of [its] records as well."

While the TEA did not present the PFD (which was in the record) to the trial court for review, it described the document as not a "record relating to the arrest," but containing "explicit facts referencing that arrest." The TEA was prepared to

5

redact the PFD so that it was left with only H.C.V.'s underlying conduct. The trial court then stated, "I think if TEA appropriately redacts the information that is ordered to be expunged from their records and they maintain their other records, I think they are probably within their boundaries." The trial court nevertheless denied the TEA's motion for new trial.

The PFD is a five-page document signed by an administrative law judge. It states that the State Board for Educator Certification was seeking to revoke H.C.V.'s educator certification "for having a sexual relationship with a student and engaging in other inappropriate conduct that violated the Educators' Code of Ethics and makes [H.C.V.] unworthy to instruct or supervise the youth of this state." It then notes that H.C.V. defaulted and that the Board's allegations would be accepted as true and its revocation recommendation would be agreed to.

The PFD then sets forth H.C.V.'s underlying conduct in its findings of fact: while sitting behind her middle-school classroom desk with students present, H.C.V. became unconscious and fell to the floor, and students went to the office seeking medical assistance for her; school officers arrived and took H.C.V. to the school nurse's office and then returned to her classroom to secure her personal items; and the officers found two empty cough syrup bottles and that H.C.V.'s "district email" was "up" on her screen and a sexually explicit email was open on the screen. An officer did a closer investigation that identified other sexually explicit emails with a

6

possible student and, upon searching for that student's name on the school roster, determined that the student had been in the middle school the previous year and was a freshman in high school. The student later admitted to sexual activity with H.C.V.

The PFD includes the following four findings:

25. Respondent pled guilty to online solicitation of a minor in the 182nd District Court of Harris County.

26. Respondent was given three years deferred adjudication starting April 2, 2007.

27. Respondent was required to register as a sex offender and participate in sex offender treatment by the court.

28. Respondent was also required to submit to random drug and alcohol analysis by the court.

The expunction statute provides that, if certain conditions are met, a "person who has been placed under a custodial or noncustodial arrest for commission of either a felony or misdemeanor is entitled to have all records and files *relating to the arrest* expunged. . . ." TEX. CODE CRIM. PROC. art. 55.01(a) (emphasis added).

The TEA asserts that the expunction order is overbroad because a possible interpretation of it (such as that given by H.C.V.) is that the entire PFD should be expunged because it refers to H.C.V.'s prosecution and her underlying conduct that led to her arrest and prosecution. The TEA contends that the expunction statute does not encompass its administrative or investigative records of the conduct that led to

7

the arrest and that the trial court's order should be modified to provide for redaction of the above references to H.C.V.'s prosecution in the PFD.

H.C.V.'s position is: "If a record or file contains a *reference to* an arrest, it is a record or file *relating* to the arrest, and must be expunged." H.C.V. contends that the entire PFD relates to the arrest because it contains the above four findings and that the other findings that discuss the underlying conduct and investigation also relate to the arrest. She concludes: "H.C.V.'s entire file with the agency relates to the arrest because it contains the [the PFD]."[3]

The specific issue before us is whether the entire PFD is subject to expunction or whether redaction of the findings in the PFD relating to H.C.V.'s arrest and prosecution satisfies the expunction statute. This issue requires us to construe article 55.01(a), which is a question of law that we review de novo. *See City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008); *Ex parte S.C.*, 305 S.W.3d 258, 262 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *Tex. Educ. Agency v. T.F.G.*, 295 S.W.3d 398, 401 (Tex. App.—Beaumont 2009, no pet.).

---

[3] Additionally, H.C.V. contends that the TEA's request for a ruling on the PFD improperly seeks an advisory opinion. We disagree. "An opinion is advisory when the judgment sought would not constitute specific relief to a litigant or affect legal relations." *Brinkley v. Tex. Lottery Comm'n*, 986 S.W.2d 764, 767 (Tex. App.—Austin 1999, no pet.). A ruling on the expunction order's scope as to the PFD will provide specific relief to the TEA. *See, e.g., Carson v. State*, 65 S.W.3d 774, 785 (Tex. App.—Fort Worth 2001, no pet.) (noting that on remand city could seek ruling on whether certain records were not subject to expunction).

8

The primary objective in construing a statute is to ascertain and give effect to the Legislature's intent. *See TIC Energy & Chem., Inc. v. Martin*, 498 S.W.3d 68, 74 (Tex. 2016). To ascertain that intent, a court first looks to the statute's plain language. *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015).

We consider the text of article 55.01(a): "A person who has been placed under a custodial or noncustodial arrest . . . is entitled to have all records and files *relating to the arrest* expunged. . . ." (emphasis added). With respect to whether the conduct underlying the arrest is subject to expunction, the statute's plain text limits the scope of expunction to "the arrest." *Cf. S.C.*, 305 S.W.3d at 263 ("we do not construe the statute to encompass investigative files and records that existed prior to, and independent of, the ultimate arrest"); *id.* at 268 ("Likewise, when concluding the statute does not necessarily encompass expunction of investigative files and records, we find no distinction between an investigation resulting in the petitioner's arrest and an investigation pursued for some other purpose; the same underlying conduct is the focus of both investigations."). The Legislature could have included in the statute's scope, for example, the expunction of the petitioner's conduct that led to the arrest, but it did not do so.[4]

---

[4]    It is the Legislature's prerogative—not this Court's—to broaden the statute's scope. *See Tex. Dep't Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (stating that courts have no equitable power to extend the protections of the expunction statute beyond its stated provisions).

In addition to the statute's plain language, we note that several Texas courts, including the Supreme Court of Texas, have discussed the purpose of the expunction statute and the legislative intent. "The legislature intended section 55.01 to permit the expunction of records of *wrongful arrests*." *Harris Cty. Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991) (emphasis added); *see also Tex. Dep't Pub. Safety v. G.B.E.*, 459 S.W.3d 622, 625 (Tex. App.—Austin 2014, pet. denied) (explaining that expunction statute "allows a person who has been arrested for the commission of an offense to have all information about *the arrest*" expunged) (emphasis added); *S.C.*, 305 S.W.3d at 263 ("The Texas Supreme Court, our court, and sister courts have recognized that the statute was enacted to enable a person who is wrongfully arrested to expunge his *arrest record*.") (emphasis added) (citing cases). But the "statute's purpose is not to eradicate all evidence of *wrongful conduct*." *In re State Bar of Tex.*, 440 S.W.3d 621, 626 (Tex. 2014) (emphasis added).

"More specifically, the statute was enacted to prevent the record of a *wrongful arrest* from negatively impacting a person for the remainder of his life." *S.C.*, 305 S.W.3d at 263–64 (emphasis added). The expunction statute even protects wrongfully accused persons "from inquiries about their *arrests*." *State Bar of Tex.*, 440 S.W.3d at 624 (emphasis added). The expunction statute provides that "the person arrested may deny the occurrence of the arrest and the existence of the

expunction order," and if questioned under oath in a criminal proceeding, "may state only that the matter in question has been expunged." TEX. CODE CRIM. PROC. art. 55.03(2), (3). And notably, the statute does not provide that the person arrested may deny the occurrence of the conduct or any investigation of the conduct that led to the arrest.

There is no dispute that all references to H.C.V.'s arrest and prosecution in the PFD must be expunged. The dispute is whether the entire PFD is a record "relating to the arrest" and must be expunged. The TEA relies on *S.C.* as support for its position and criticizes *T.F.G.* We find *T.F.G.* to be both distinguishable and unpersuasive.

*T.F.G.* involved the TEA and a teacher who, unlike H.C.V., had been acquitted on the charge of indecency with a child. *T.F.G.*, 295 S.W.3d at 399. Also unlike H.C.V.'s case, the alleged conduct had occurred almost five years before the teacher was arrested, and because of that passage of time, the court emphasized that the TEA may have had documents relating to the teacher apart from law enforcement records relating to the criminal investigation, arrest, and prosecution of the teacher. *Id.* at 403. The court correctly noted that the intent of the statute "is not to erase all evidence of the underlying conduct, . . . ." *Id.* But we disagree with the next statement in *T.F.G.* that the statute's intent is "to expunge any evidence of the criminal investigation . . . for that conduct" and with its conclusion that records of the criminal

11

investigation related to the arrest should be expunged. *Id.* In *S.C.*, the Fourteenth Court also disagreed with *T.F.G.*, noting:

> However, we disagree with the court's injecting files and records relating to the "criminal investigation" into the scope of expunction. The court did not conduct any analysis to demonstrate the statute authorizes such relief. For the reasons discussed above, we conclude its opinion regarding expunction of files and records pertaining to the "criminal investigation" does not comport with the statute, and we decline to follow this portion of the opinion.

*S.C.*, 305 S.W.3d at 268 (citations omitted). The court further noted the illogical consequence of construing the statute to include expunction of the conduct that led to the arrest, for under that reasoning,

> a person who was eventually arrested may obtain expunction of records of the investigation whereas a person who was investigated but not arrested has no such right. We cannot conclude the legislature intended to afford greater rights to a person who was arrested than to one who was not arrested.

*Id.* at 265.

*S.C.* presents a preferable case-by-case approach, along with an analysis and conclusion guided by the statute's intent. *Id.* at 268–69. That case involved the State Securities Board's investigation of S.C. and a subsequent indictment for securities fraud and engaging in organized criminal activity to commit theft. *Id.* at 259. After the charges were dismissed and S.C. petitioned for expunction, the Board argued that its files and records pertaining to its investigation of S.C. that did not specifically reference the arrest were not subject to expunction, while S.C., like H.C.V. here,

12

argued in contrast that all of the Board's investigative files and records related to his arrest and were subject to expunction. *Id.* at 259–62.

We similarly conclude that the portions of the PFD that describe H.C.V.'s underlying conduct are not subject to expunction because they are not "records and files relating to the arrest." *Accord id.* at 267–68 (concluding that petitioner was not entitled to expunction of all the Board's files and records pertaining to its investigation). Rather, H.C.V. is entitled to expunction of only the PFD's references to her arrest and prosecution, which can easily be accomplished by redaction (as the trial court stated at the hearing). *See* TEX. CODE CRIM. PROC. art. 55.02, § 5(a)(1) ("each official or agency . . . shall . . . , if removal is impracticable, *obliterate all portions of the record or file that identify the person* who is the subject of the order and notify the court of its action") (emphasis added); *see S.P. v. Dallas Cty. Child Welfare Unit of Tex. Dep't of Human Resources*, 577 S.W.2d 385, 388 (Tex. Civ. App.—Eastland 1979, writ ref'd n.r.e.) (modifying expunction order to provide for expunction (i.e., redaction) of "references" in reports relating to arrest).

We sustain in part the TEA's second issue and modify the trial court's order to provide for the redaction of the PFD's references to H.C.V.'s arrest and prosecution. *See S.C.*, 305 S.W.3d at 269 (modifying expunction order on appeal); *S.P.*, 577 S.W.2d at 388 (same).

## Conclusion

13

The trial court did not err in granting H.C.V.'s petition for expunction, but it erred in denying the TEA's motion to allow it to redact and retain the PFD.[5] We modify subpart (2) of the order of expunction to include the following:

> However, the Texas Education Agency and the Texas State Board of Educator Certification may retain a version of the Proposal for Decision pertaining to H.C.V. with findings 25–28 redacted.

> The order of expunction is affirmed as modified.

Richard Hightower
Justice

Panel consists of Justices Lloyd, Kelly, and Hightower.

Lloyd, J., dissenting, in part, and concurring, in part.

---

[5] We repeat that the trial court correctly noted at the hearing that the TEA could redact the arrest information and retain the redacted PFD.